V. E. MILLER et al., Appellees, v. R. B. BOHANAN, Appellant.

TRIAL: Instructions—Objections—Waiver. Objections to instruc-
1 tions not made prior to the submission to the jury are waived.
(Section 3705-a, Code Supp., 1913.)

TRIAL: Issue, Proof and Variance—Date of Contract. Proof that
2 a contract was entered into a month and a half prior to the
time alleged, presents no fatal variance.

BROKERS: Employment—Bad-Faith Revocation. A principal may
3 not, after he knows that the broker's proposed purchaser is on
the ground, revoke the broker's employment, and then avail
himself of the purchaser produced, and escape payment of the
agreed commission.

*Appeal from Adams District Court.*—H. K. EVANS, Judge.

DECEMBER 11, 1917.

ACTION at law to recover commissions alleged to have been earned in the sale of land for the defendant. Verdict and judgment for plaintiffs, and the defendant appeals.—*Affirmed.*

*Myerhoff & Gibson,* for appellant.

*A. E. Lee, A. Ray Maxwell,* and *Stanley & Stanley,* for appellees.

WEAVER, J.—The plaintiffs allege an oral contract with the defendant, by which they were authorized to procure a purchaser for defendant's farm of 170 acres, at a rate or price which should net to the defendant $100 per acre; that by such agreement plaintiffs were to receive as their commission or compensation for procuring such a purchaser whatever sum should be realized upon a sale, so effected, in

excess of $100 per acre, it being also verbally agreed and understood that defendant should price the land to proposed purchasers at $110 per acre, and not recede therefrom without the plaintiffs' consent. Plaintiffs further allege that, acting under such agreement, they did·procure and furnish to defendant a buyer to whom he sold the land at $110 per acre, whereby defendant became indebted to them in the sum of $1,700, for which they ask judgment.

Answering the petition, defendant pleads· as follows: (1) Denies the allegations therein made; (2) alleges that, before the alleged procurement of a purchaser, he had specifically and in good faith revoked all authority theretofore given the plaintiffs to act as his agents; that such revocation was made by oral communication direct to the plaintiffs, and by himself entering into a contract with one Dillon, whereby the latter acquired, for a period of several months, beginning with July 1, 1913, an option to purchase the land; and thereafter, defendant notified plaintiff that, pending such option, he would neither sell nor rent the land at any price. Defendant further pleads that after such revocation he placed upon the land a price of $110 per acre, and listed it with different agents at that price, and that he offered to so list it with the plaintiffs, but they refused to accept the agency on those terms. For a further answer, he alleges that, after the sale of the land, he had a full and complete settlement with the plaintiff Miller, whereby all their mutual accounts and claims were settled and adjusted, and in accordance therewith, Miller then and there paid the defendant the sum of $324.10, in full of the remainder found due him.

Plaintiffs, replying, denied all the affirmative matters pleaded in the answer. Upon these issues there was a jury trial, and a verdict and judgment for plaintiffs for the full amount of their claim, $1,700. Various assignments of

error have been argued in support of appellant's demand for reversal of the judgment against him.

I.   It is objected that defendant plead-
**1. TRIAL: in-** ed a settlement with plaintiffs, or one of
**structions:**
**objections:** them, and that the court stated that issue
**waiver.**
to the jury, but wholly failed to give the jury any instruction whatever as to the law applicable thereto.   Ordinarily, such an objection, if well founded, would have to be sustained; but, under the statute as it existed at the time of the trial, the defendant was required to make his objection to the court's charge before the case was submitted to the jury, and to state the grounds upon which the charge was claimed to be erroneous.   Appellant did make and file objections to the court's charge, but nowhere raised the particular objection which he now makes thereto.   This operates as a waiver, and the question cannot be raised for the first time in this court.   *Parkhill v. Bekin's Van & Storage Co.,* 169 Iowa 455, 468.   Furthermore, we think it must be said that there is no evidence in the record to support a finding in defendant's favor on this particular issue.

II.   In their petition, the plaintiffs al-
**2. TRIAL: issue,** lege that the oral contract on which they
**proof and**
**variance:** sue was made on or about August 11, 1913.
**date of con-**
**tract.** On the trial, the testimony offered by them to sustain their claim of a contract of agency had reference to a conversation between the parties, which plaintiffs say took place on July 29, 1913.   It is argued that this is a substantial variance from the pleadings, and amounts to such failure of proof as will defeat plaintiffs' right of action.   We think the variance is not material, except, perhaps, as it may bear upon the credibility of the plaintiffs as witnesses.   The material allegation is that plaintiffs made with defendant an oral agreement, by which he authorized them to procure him a purchaser

for his land on certain stated terms; and if on the trial they offered competent and sufficient evidence of such agreement, and that they furnished a purchaser on the authorized terms before the agency was revoked, and that defendant sold to such purchaser, it would be quite immaterial that the date of the agreement proved was July 29th, instead of the alleged date, August 11th.

III. Defendant as a witness says that, a year or more prior to the date of the alleged agreement upon which the plaintiffs sue, he did list the land for sale with the plaintiff Miller, upon an agreement to pay a commission of $1 per acre, but that, on July 28, 1913, he revoked that agency because he had given to one Dillon an option to buy or rent the land. Plaintiffs deny ever having the land listed before July 29, 1913, and deny that defendant told them he had given Dillon any option except to lease the property. The defendant insists that even the information given plaintiffs of Dillon's option to lease was itself a sufficient revocation of their agency, if any they had, and that he was prejudiced on the trial by the court's failure to so instruct the jury. We are unable to see how this could operate to defendant's prejudice. Plaintiffs base no claim in this action upon any contract of agency existing prior to the alleged agreement in July, 1913. They claim that such an agreement was made at the date last mentioned, and this the defendant denies. The making of such contract, became, therefore, a jury question, and upon this the verdict is adverse to the defendant. Even if defendant then informed plaintiffs of Dillon's option, as he says he did, that fact does not necessarily disprove the plaintiff's claim that he then gave them an agency to procure a purchaser. Assuming that the jury credited the plaintiffs and their witnesses, the testimony was sufficient to sustain a finding

3. BROKERS: employment: bad-faith revocation.

that such an agreement was made; that plaintiffs or one of them wrote to the man Evans, who became the purchaser, advising him of the opportunity to buy the land at $1.10 per acre; that Evans, being thus induced, came to the home of the plaintiff Bargenholdt, who requested his father to take Evans to the defendant for the purpose of making the sale, if the purchaser was satisfied with the property and the terms; that the elder Bargenholdt telephoned to defendant, telling him that the proposed purchaser had arrived, and asking if the land was still for sale; that defendant answered in the affirmative, and invited them to come down; that on the next morning the elder Bargenholdt and Evans went to defendant's home, where negotiations looking to the sale of the land were begun, which ended two days later in a binding contract for a conveyance to be made on the 1st day of March of the next year. There is evidence that, on the evening of the day on which the telephone conversation was had, or on the following day, defendant met the plaintiff Miller, and said that, as the season was getting late, he would revoke the agency he had given plaintiffs, or words to that effect. It is argued for appellant that, if such conversation occurred, it was concededly before defendant had been informed of the production of Evans as a purchaser, and operated to relieve defendant of all further liability. But the evidence was such that the jury could find that the attempted revocation was after defendant had been informed by telephone from Bargenholdt of Evans' arrival, and, if so, it was then too late for him to revoke the agency, and, while taking advantage of the opportunity so afforded to sell his land, deny the right of plaintiffs to the promised commission, if a commission was promised; and this, as we have said, is quite clearly a question for the jury.

We have examined the record as to other questions raised by counsel, but nowhere find any material error in

the rulings of the trial court. It follows that the judgment appealed from must be and is hereby—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.